UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
APOLINAR GUZMAN,

                        Petitioner,                  05 Civ. 10420 (RPP)
                                                                     03 Cr. 48 (RPP)

        - against -

                                                                   **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On October 27, 2005, Petitioner Apolimar Guzman deposited in the institutional mailbox a Motion for Consideration to Amend Judgment Nunc Pro Tunc Under [United States Sentencing Guideline ("U.S.S.G.")] § 5G1.1(b), under 28 U.S.C. § 2255. On May 3, 2006, Petitioner filed an Amended Motion. Petitioner seeks credit for imprisonment from November 20, 2002 to May 7, 2005 (Pet'r Mot. 1-2); specifically, nineteen months while on a writ from state custody spent at the Metropolitan Detention Center in Brooklyn ("MDC"), as well as ten months spent in state custody after the imposition of two federal sentences. (Am. Mot. 8.) He also makes a claim of ineffective assistance of counsel. (Id. at 7-8.)

        Petitioner argues that, pursuant to U.S.S.G. § 5G1.3(b), at time of sentence on August 22, 2003, this Court should have reduced his federal guideline sentence of seventy months by the time he served in state custody, citing United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994) and United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999) in support. (Am. Mot. 4-5.) Petitioner supports his position with a lengthy quote, without attribution, from the discussion in Dorsey,

166 F.3d at 560, of Application Note 2 to U.S.S.G. § 5G1.3, entitled "Adjusted concurrent sentence-subsection (b) cases."  (Am. Mot. 5-6.)

Petitioner's claim of ineffective assistance of counsel states that counsel failed to request that the Court impose a concurrent sentence with his to-be-imposed state sentence; failed to file a direct appeal; "abandoned Defendant [to] file the judgment of conviction and sentenced hereto"; "failed to adequately make clear the sentencing regime that faced Petitioner on conviction (including his not yet imposed state sentence)";[1] "failed to explain the plea agreements [Petitioner] was offered"; failed to request translation of the plea agreement into Spanish despite the fact that Petitioner spoke little English; and failed to request the services of an interpreter. (Am. Mot. 7.)

I.  BACKGROUND

Count One of Petitioner's underlying indictment charged that he and others conspired to distribute five kilograms and more of cocaine between April 2002 and October 24, 2002.  On June 25, 2003, Petitioner pled guilty to Count One of the underlying indictment pursuant to a plea agreement containing a stipulated guideline range of seventy to eighty-seven months in prison.  At the time of the plea, Petitioner responded affirmatively when asked (1) if he had read the plea agreement and understood its terms, (Hr'g of June 25, 2003 Tr. ("Plea Tr.") 4), (2) if he understood he was giving up his right to appeal any sentence within the stipulated guideline range, (id. at 8), and (3) if he understood "that [he has] given up [his] right to litigate a guideline sentence, if it's imposed of between 70 to 87 months in any post-conviction litigation," (id.)

---

[1] According to the government, at the time of indictment, Petitioner was being detained by New York State on charges of second degree murder and was transferred on November 20, 2002 into federal custody.  (Letter in Opp. of AUSA Christopher P. Conniff, July 27, 2006, at 2.)

On August 22, 2003, Petitioner appeared for sentencing, and the following colloquy occurred in his presence:

| | |
|---|---|
| Court: | . . . I have several questions about [the presentence report]. The first is as I read the report, this man has been writted out of state custody since November 20th, 2002. |
| [Defense Counsel]: | That is correct, your Honor. My client is currently a defendant in the state system. He has not yet been sentenced, but he is housed in Rikers Island awaiting charges in Bronx County. |
| Court: | Serious charges? |
| [Defense Counsel]: | That's correct, your Honor, they will be addressed in the appropriate [forum]. |
| Court: | As I gather you are all aware, the time in federal custody on a writ will not be credited to his federal sentence. |
| [Defense Counsel]: | I understand that, your Honor. There is an issue, I've explained that to my client. |
| Court: | He understands it. |
| [Defense Counsel]: | He understand that, your Honor, and there's an issue in terms of what's transpiring in the Bronx, which I don't want to put forth on the record. I understand, your Honor. |
| Court: | I don't know whether you will get credit on the state charges either for time in federal custody. |
| [Defense Counsel]: | Well, your Honor, with all due respect and deference, my client maintains his innocence on that case, and it might just be an academic matter, your Honor. |

(Hr'g of Aug. 22, 2003 Tr. ("Sentencing Tr.") 2-3.)

The Court sentenced Petitioner to seventy months imprisonment, the bottom of the stipulated guideline range, followed by five years of supervised release. (Id. at 12.) It also

3

advised him that he had ten days to file a notice of appeal if he wished to appeal; that he would lose his right to appeal if he did not file a notice of appeal in ten days; and that, in view of the terms of the plea agreement (an agreement not to appeal), he should not rely on an attorney to file a notice of appeal. (Id. at 19.) Petitioner did not file a notice of appeal.

Petitioner had other pending federal charges to face. On June 14, 2004, he was sentenced by Judge Barbara S. Jones of the Southern District of New York – in connection with a guilty plea for conspiracy to commit food stamp fraud, bank fraud, and passport fraud – to twenty-one months imprisonment, fifteen months of which were to run concurrent with the sentence of this Court. See Transcript of Sentencing, United States v. Ramirez et al., 98 Cr. 1250 (S.D.N.Y. June 14, 2004). Thereafter, the writ of habeas corpus ad prosequendum was satisfied and Petitioner was returned to New York State custody. Upon returning to state custody, Petitioner pled guilty to state charges, and on February 1, 2005, Petitioner received a state sentence to run concurrently with his prior federal sentence. (Pet'r Mot. 3.) He was returned by New York State Corrections to the custody of the Bureau of Prisons on May 6, 2005, less than eleven months after Judge Jones' sentence was imposed.[2]

## II. DISCUSSION

Petitioner's claim that the Court's sentence should have been adjusted pursuant to U.S.S.G. § 5G1.3(b) is misplaced. That section is entitled "Imposition of a Sentence on a Defendant Subject to an *Undischarged* Term of Imprisonment." U.S.S.G. § 5G1.3 (emphasis added). United States v. Kiefer and United States v. Dorsey, the cases upon which Petitioner relies, are both cases where (1) the defendant had been sentenced in state court prior to his federal sentencing, and (2) his state-offense conduct could be fully taken into account in

---

[2] The government asserts it has information that Petitioner's state sentence was twenty-seven to fifty-four months imprisonment.

computing the guideline sentence for his federal crime.

At the time of his sentence by this Court, Petitioner was not yet convicted in state court and was maintaining his innocence on those state charges. (Sentencing Tr. 3.) Accordingly, Petitioner was not "subject to an undischarged term of imprisonment," a requirement for application of U.S.S.G. § 5G1.3(b).

For the same reason, contrary to Petitioner's contention, Application Note 2 of U.S.S.G. § 5G1.3, does not apply. Petitioner states in his Amended Motion that his state sentence was "not yet imposed." (Am. Mot. 7.) Because the state court charges were pending, Petitioner was not then subject to an undischarged term of imprisonment. Accordingly, Petitioner has no ground for resentencing under U.S.S.G. § 5G1.3.

Petitioner's second ground asserts ineffective assistance of counsel. Specifically, he asserts that counsel failed to file a direct appeal, failed to advise Petitioner on his plea agreements and on his yet-to-be-imposed state sentence, failed to request the services of a Spanish interpreter, and failed to advocate during the sentencing proceedings. (Am. Mot. 7.) Petitioner maintains that his motion under § 2255 "is timely under AEDPA because the state authorities[] prevented him from challeg[ing] his federal sentence by denying him access to a law library," and that it was not until May 5, 2005 that Petitioner was able to discover "that his federal sentence was silent as to how it should run with his not yet imposed state sentence[]." (Id. at 3-4.)

The Government's responsive papers failed to address all of these claims. Accordingly, an evidentiary hearing will be held on April 2, 2007 at 9:30 a.m. to address Petitioner's claims of ineffective assistance of counsel and whether his petition is untimely, including consideration of what period Petitioner was denied access to a law library while in custody.

IT IS SO ORDERED.

Dated: New York, New York
February 27, 2007

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Order sent to:

*Petitioner Pro Se*

Apolinar Guzman
ID#52619-054
USP-Canaan
P.O. Box 300
Waymart, PA 18472

Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn: Christopher P. Conniff, A.U.S.A.
Fax: 212-637-0097
